IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID LANCASTER,           )           No. C 08-1880 MMC (PR)
                           )
         Petitioner,       )
                           )           **ORDER TO SHOW CAUSE**
     v.                    )
                           )
A.P. KANE, Warden,         )
                           )
         Respondent.       )
_____)

On December 3, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed, in the United States District Court for the Eastern District of California, the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). On April 4, 2008, the Eastern District transferred the petition to the Northern District, where the petition was assigned to the undersigned. Petitioner has paid the filing fee.

**BACKGROUND**

In 1991, in the Superior Court of San Joaquin County, petitioner was convicted of second degree murder. He was sentenced to a term of fifteen years to life in state prison. On April 4, 2006, the Board, for the third time, found petitioner unsuitable for parole. On October 31, 2007, the California Supreme Court denied petitioner's state habeas corpus petition challenging the Board's decision.

//

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

Petitioner claims the denial of parole violated his federal constitutional rights because (1) it has extended his sentence beyond the maximum term of punishment allowable under state law, and (2) the Board's decision that petitioner's release would pose an unreasonable risk to public safety was not supported by some evidence. Liberally construed, petitioner's claims are cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk shall serve by certified mail a copy of this order and the petition, along with the exhibits lodged in support thereof, upon respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer

1 and serve on petitioner a copy of all portions of the state trial record that have been
2 transcribed previously and that are relevant to a determination of the issues presented by the
3 petition.

4      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
5 the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

6      3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this
7 order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
8 Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files
9 such a motion, petitioner shall file with the Court and serve on respondent an opposition or
10 statement of non-opposition within **thirty (30)** days of the date the motion is filed, and
11 respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of
12 the date any opposition is filed.

13      4. Petitioner is reminded that all communications with the Court must be served on
14 respondent by mailing a true copy of the document to respondent's counsel.

15      5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
16 Court and respondent informed of any change of address and must comply with the Court's
17 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
18 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

19      6. Upon a showing of good cause, requests for a reasonable extension of time will be
20 granted as long as they are filed on or before the deadline they seek to extend.

21      IT IS SO ORDERED.
22 DATED: September 26, 2008

                               _____
                               MAXINE M. CHESNEY
                               United States District Judge